88 1046
100 119

## Richmond.

### CLAIBORNE v. HOLLAND.

#### April 21st, 1892.

1. TRUST–DEED—*Sale—Re-investment.*—Where deed granting in trust lands and slaves authorizes a sale thereof and a re-investment of proceeds "in property of the same kind";
HELD:
It was competent for the trustee to re-invest in land or slaves, or both.
2. IDEM—*Application of Purchase-money.*—When trustee has power to sell with consent of the life-tenants, and did so sell, a purchaser without notice of a breach of trust, is not bound to see to the application of the purchase-money.
3. IDEM—*Breach of trust—Notice.*—Purchaser is not bound to examine a deed which is no link in the chain of title to the property he purchases, and though the trustee was a party thereto, and it was recorded and indexed, it constituted no notice to him of any breach of trust.
4. TRUSTEE'S SALE—*Purchaser.*—Where a sale is made by a trustee under power to sell and re-invest upon the same terms, a *bona-fide* purchaser, paying the purchase-money to the trustee, will be protected.

Appeal from a decree of the circuit court of the city of Danville, rendered April 25th, 1890, dismissing, on demurrer, a bill filed by R. H. Claiborne and others, appellants here. The case is this:

On the 21st of January, 1854, Richard G. Haden, by deed, duly recorded, conveyed to William J. Watkins and Richard H. Watkins two lots of land, situate in the town of Danville, and certain negro slaves, in trust for the benefit of his daughter, Mrs. Martha J. Claiborne, and her husband, William C. Claiborne, for their joint lives, and at the death of the survivor the property to go in fee to their children. "And in further

trust," in the language of the deed, "that during the lives of the said William C. Claiborne and wife, the said trustees, or either of them, may, with their consent, or the consent of the survivor of them, sell and dispose of said property, real or personal, or the increase thereof, and convey the same to the purchaser, provided that the proceeds of such sale or sales shall be re-invested by the trustees or trustee making the sale or sales as soon as convenient *in other property of the same kind,* or in good productive stocks, as said life-tenants may desire, which other property or stocks shall be held or used for the same trusts, uses and purposes hereinbefore declared."

On the 9th of October, 1858, William J. Watkins, one of the trustees, sold and conveyed the two lots in Danville to A. G. Walters, there being endorsed on the deed to Walters the following memorandum, which was signed by Mrs. Claiborne, and, on the same day, acknowledged by her before a notary public, namely: "I consent and agree to the sale of the lots specified in the within deed."

Contemporaneously with the execution of this deed and memorandum, William C. Claiborne and wife conveyed to Walters a lot in Danville adjoining the two lots above-mentioned, and also granted and released all their interest in those lots.

These deeds, copies of which are exhibited with the bill, were duly recorded.

There was also filed with the bill, as Exhibit "D," a copy of a deed, executed on the 9th of October, 1858, to which deed William J. Watkins, Joel W. Haden and William C. Claiborne and wife and others were parties, but to which Walters was not a party, whereby certain slaves were conveyed for the benefit of Mrs. Claiborne and her family. In this deed it was recited, among other things, that the proceeds of the two lots sold by Watkins, trustee, to Walters had been re-invested in *negroes* purchased of William C. Claiborne.

The bill was filed by the children of the life-tenants, William C. Claiborne and wife, for a construction of the trust deed of January 21st, 1854, and to set aside the deed of October 9, 1858, from Watkins to Walters and sundry subsequent alienations of the lots conveyed by that deed.

The defendants demurred to the bill, and the demurrer was sustained and the bill dismissed. The plaintiffs then applied for an appeal, which was allowed.

*Penn & Cocke,* for appellants.

*Green & Miller,* for appellee.

LEWIS, P., delivered the opinion of the court.

The appellants contend that the sale of the lots and the reinvestment of the proceeds of the sale was a breach of trust for two reasons, viz:

(1) Because the reinvestment was not in real estate, but in slaves, and (2) because the object of the sale was to pay the debts of the husband, William C. Claiborne.

The deed creating the trust provided that in the event of a sale the proceeds should be reinvested in "property of the same kind," or in good productive stocks; and the question, therefore, is whether the re-investment was in property of the same kind, within the meaning of the deed. The circuit court held that it was, and in this view we concur. The trust fund was composed of both land and slaves, and the whole, as the appellees insist, was compounded by the donor "into a common mass." It was competent, therefore, for the trustee to have reinvested the money either in land or in slaves, or both.

But be that as it may, the result is the same. The trustee undoubtedly was authorized to sell, with the consent of the

life-tenants, as he did, nor is there any less doubt that the purchaser, unless he had notice, actual or constructive, of a breach of trust, committed or intended, was not bound to see to the application of the purchase-money; for whatever may have been decided in England, it is well-settled in Virginia, and the prevailing doctrine in this country is, that where a sale is made by a trustee under a power to sell and re-invest upon the same trusts, a *bona-fide* purchaser who pays to the trustee will be protected. *Hughes* v. *Tabb*, 78 Va. 313; 1 Lead. Cas. Eq., 109, 118, notes to *Elliot* v. *Merryman*.

The appellants, however, insist that the purchaser in the present instance had notice of the alleged breach of trust, and that such notice was afforded by the recitals in, and the recordation of, the deed, a copy of which is filed with the bill as Exhibit " D.' But this position is untenable.

That deed in no way related to the lots sold by the trustee, but was a conveyance of certain slaves for the benefit of Mrs. Claiborne and her family; nor was Walters, the purchaser of the lots, a party to it. It was not, therefore, a link in the chain of his alienees' title, and hence it was not incumbent on them to have examined it before they purchased, although the trustee was a party to it, and it was duly indexed. So that, even if Walters had had actual notice of it, its recordation was not constructive notice to those claiming under or through him, and nothing is better settled than that a purchaser without notice from a purchaser with notice is not affected by such notice.

This also disposes of the appellants' contention that the real object of the sale by the trustee was to pay the debts of William C. Claiborne, the contention being wholly founded on the recitals in the deed just mentioned.

Another point made by the appellants is that the sale was without the consent of the life-tenants. It is contended that their consent could have been rightly given only by their uniting in a deed, and that such consent must have been given

*prior* to the sale. But no such formality is prescribed by the deed creating the trust, nor is there any authority for the appellants' position. The point, however, does not properly arise on this appeal, inasmuch as it is not made in the bill. For aught that appears, therefore—the bill having been dismissed on demurrer—the consent of the life-tenants to the sale may have been given with all the formality contended for by the appellants.

There is no error in the decree, and the same must be affirmed.

Decree affirmed.